LOCKE LORD LLP
Kelly S. Biggins (SBN: 252515)
kbiggins@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Tel: 213-485-1500; Fax: 213-485-1200

Christopher R. Barth (*pro hac vice*)
cbarth@lockelord.com
Matthew J. Kalas (*pro hac vice*)
mkalas@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Tel: 312-443-0700; Fax: 312-443-0336

Attorneys for Defendant
INTERNATIONAL LEASE FINANCE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMADI MLATAMOU HASSANATI, *et al.*,<br><br>              Plaintiffs,<br><br>      vs.<br><br>INTERNATIONAL LEASE FINANCE CORPORATION and DOES 1-50,<br><br>              Defendants. | ) CASE NO. 2:16-cv-02734-DFS-SS<br>) HON. DALE S. FISCHER<br>)<br>) **INTERNATIONAL LEASE FINANCE**<br>) **CORPORATION'S NOTICE OF**<br>) **MOTION AND MOTION TO**<br>) **DISMISS COMPLAINT PURSUANT**<br>) **TO FEDERAL RULES OF CIVIL**<br>) **PROCEDURE, RULE 12(b)(6);**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT**<br>)<br>) [Filed Concurrently With: Request for<br>) Judicial Notice; and [Proposed] Order]<br>)<br>) Date:        October 24, 2016<br>) Time:        1:30 p.m.<br>) Place:        Courtroom 840, Roybal<br>) |

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 24, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendant International Lease Finance Corporation ("ILFC") will bring for hearing before the Honorable Dale S. Fischer, United States District Judge, in Courtroom 840 of the United States Courthouse located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California, a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ILFC, by and through its attorneys Locke Lord LLP and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully requests that this Court dismiss with prejudice Plaintiffs' Complaint in its entirety. Plaintiffs have already litigated their claims. They have already filed suit against ILFC for the same purported injury and alleged wrongful conduct. The District Court dismissed that claim and the Ninth Circuit affirmed that dismissal on appeal. The doctrine of *res judicata* bars Plaintiffs from bringing suit again.

This motion is based on this Notice of Motion and Motion; Memorandum of Points and Authorities; the Request for Judicial Notice ("RJN") and accompanying exhibits filed herewith; the pleadings, papers, and other records on file in this case; and such oral argument as may be presented at any hearing on this motion.

This motion is made following the conference of counsel under Local Rule 7-3 which took place on September 9, 2016.

///

///

///

///

///

///

///

1

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.

Dated: September 16, 2016

Respectfully submitted,

LOCKE LORD LLP

By:  */s/ Kelly S. Biggins*
     Christopher R. Barth (*pro hac vice*)
     Matthew J. Kalas (*pro hac vice*)
     Kelly S. Biggins

Attorney for Defendant
INTERNATIONAL LEASE FINANCE
CORPORATION

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

2

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ...........................................................................................1

II.    SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS.............................................................................................................2

III.   LEGAL STANDARD ...................................................................................4

IV.    ARGUMENT - PLAINTIFFS' COMPLAINT IS BARRED BY THE DOCTRINE OF *RES JUDICATA*. ....................................................................4

    A.     IDENTITY OF CLAIMS ....................................................................5

    B.     FINAL JUDGMENT ON THE MERITS ..........................................8

    C.     PRIVITY BETWEEN PARTIES.......................................................11

V.     CONCLUSION ...........................................................................................12

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

i

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ................................................................................ 4

*Breslin v. Amtrust at lloyd's Ltd.*,
No. CV 15-326-R, 2015 WL 9694809 (C.D. Ca. Apr. 24, 2015) ........................... 4

*California v. IntelliGender, LLC*,
771 F.3d 1169 (9th Cir. 2014) .............................................................................. 5

*Coffelt v. California Dep't of Corr.*,
2012 WL 5570445 (C.D. Cal. Oct. 2, 2012), *report and
recommendation adopted sub nom. Coffelt v. California Dep't of
Correction*, 2012 WL 5730851 (C.D. Cal. Nov. 15, 2012)................................... 11

*Federated Dep't Stores, Inc. v. Moitie*,
452 U.S. 394 (1981)............................................................................................. 5

*First Pacific Bancorp, Inc. v. Helfer*,
224 F.3d 1117 (9th Cir. 2000) .............................................................................. 6

*Headwaters Inc. v. U.S. Forest Service*,
399 F.3d 1047 (9th Cir. 2005) ............................................................................. 11

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
11 F.3d 1460 (9th Cir. 1993) ........................................................................... 8, 10

*Intri-Plex Techs., Inc. v. Crest Group, Inc.*,
499 F.3d 1048 (9th Cir. 2007) .............................................................................. 4

*Johnson v. Riverside Healthcare Sys., LP*,
534 F.3d 1116 (9th Cir. 2008) .............................................................................. 4

*Knox v. Potter*,
131 Fed. Appx. 567 (9th Cir. 2005) ...................................................................... 4

*McClain v. Apodaca*,
793 F.2d 1031 (9th Cir. 1986) .............................................................................. 5

*McKenzie v. Marshall*,
2009 WL 2767675 (C.D. Cal. July 26, 2009) ....................................................... 8

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ii

*Mpoyo v. Litton Electro-Optical Sys.*,
    430 F.3d 985 (9th Cir. 2005) .......................................................................... 8, 9

*Nordhorn v. Ladish Co.*,
    9 F.3d 1402 (9th Cir.1993) .............................................................................. 11

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ............................................................................ 5

*Plaut v. Spendthrift Farm*,
    514 U.S. 211 (1995) ........................................................................................... 8

*Russell v. Commissioner of Internal Revenue*,
    678 F.2d 782 (9th Cir. 1982) ........................................................................... 10

*Smith v. Coffman*,
    620 F. App'x 574 (9th Cir. 2015) ............................................................... 4, 7, 8

*Smith v. Payne*,
    No. 12-01732, 2012 WL 6712041 (N.D. Cal. Dec. 26, 2012), *aff'd*,
    594 F. App'x 397 (9th Cir. 2015) ...................................................................... 5

*Tahoe-Sierra Preservation Counsel, Inc. v. Tahoe Regional Planning
    Agency*,
    322 F.3d 1064 (9th Cir. 2003) ................................................................... 5, 6, 11

*Turtle Island Restoration Network v. United States Dep't of State*,
    673 F.3d 914 (9th Cir. 2012) ........................................................................ 5, 6

*United States v. Liquidators of European Fed. Credit Bank*,
    630 F.3d 1139 (9th Cir. 2011) ........................................................................... 6

*Yan Sui v. 2176 Pac. Homeowners Ass'n*,
    2012 WL 6632758 (C.D. Cal. Aug. 30, 2012) ............................................. 8, 10

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 4

**Federal Statutes**

28 U.S.C. § 1291 .................................................................................................... 10

46 U.S.C. § 30306 ................................................................................................... 3

Death on the High Seas Act, 46 U.S.C. § 30302 ....................................... 1, 3, 4, 8, 11

iii

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This is the second action filed by Plaintiffs to recover from ILFC for damages stemming from the June 30, 2009 crash of an aircraft into the Indian Ocean near the island nation of Comoros. The prior action involved the same Plaintiffs (proceeding in respect of the same decedents) and defendant (ILFC), stemmed from the same incident (the June 30, 2009 aircraft crash), alleged the same facts and wrongdoing, and asserted the same cause of action (claim for negligent entrustment seeking damages for wrongful death filed pursuant to the Death on the High Seas Act, 46 U.S.C. § 30302 ("DOHSA")). In the prior action, the Honorable Margaret M. Morrow granted ILFC's motion for summary judgment and dismissed Plaintiffs' DOHSA claim against ILFC with prejudice. Despite clear direction from Judge Morrow, Plaintiffs failed to establish they were real parties in interest timely empowered to sue under DOHSA and, thus, lacked standing. Plaintiffs appealed this final judgment. The United States Court of Appeals for the Ninth Circuit affirmed the District Court's ruling.

In this action, Plaintiffs do not raise anything new; they only raise arguments, facts, and legal theories that the Court addressed, and that Plaintiffs had the opportunity to pursue, in the prior action. Plaintiffs' complaint in the instant action is, thus, barred by the doctrine of *res judicata*. Plaintiffs have already had a chance to litigate their claims against ILFC relating to the June 30, 2009 crash. Plaintiffs could have (and should have) pursued any new claims or legal theories in the prior action, particularly where that Court plainly highlighted the deficiencies that Plaintiffs now seek to address in the instant action and where that Court provided Plaintiffs a full and fair opportunity to address the deficiencies.

Thus, for the reasons discussed below, the Court should dismiss Plaintiffs' complaint and all claims asserted in it with prejudice.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## II.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

This action arises from the crash of an Airbus A310-300 aircraft (the "Subject Aircraft") on its approach to Moroni-Prince Said Ibrahim International Airport in Moroni, Comoros on June 30, 2009. (ECF Dkt. No. 1, Compl. ¶¶ 1-2; RJN Ex. C at ¶ 62; RJN Ex. F at ¶ 60.)[1] All of the passengers and crew members on board perished in the crash with the exception of a single 14 year old girl. (Compl. ¶ 25; RJN Ex. C at ¶ 70; RJN Ex. F at ¶ 68.) Each of the Plaintiffs alleges that he or she is a relative of a passenger that perished in the crash and asserts claims for damages for wrongful death. (Compl. ¶¶ 1, 3; RJN Ex. C at ¶¶ 1-44; RJN Ex. F at ¶¶ 1-44.) In support, Plaintiffs allege that ILFC owned the Subject Aircraft and had leased it to Yemenia Airlines beginning in 1999. (Compl. ¶¶ 6-9; RJN Ex. C at ¶ 56; RJN Ex. F at ¶¶ 51-52, 54.) Yemenia Airlines, in turn, possessed and operated the Subject Aircraft from that time until the time of the crash, and its pilots were operating the aircraft at the time of the crash. (Compl. ¶¶ 6-9; RJN Ex. C at ¶ 56; RJN Ex. F at ¶¶ 51-52, 54.) Plaintiffs allege that ILFC negligently entrusted the Subject Aircraft to Yemenia Airlines. (Compl. ¶¶ 32-45; RJN Ex. C at ¶¶ 80-92; RJN Ex. F at ¶¶ 78-90.)

Prior to this action, however, on January 10, 2010, certain Plaintiffs filed the original suit against ILFC in the Superior Court of the State of California for the County of Los Angeles, *Hassanati et al. v. International Lease Finance Corp. et al.*, Case No. BC452279, alleging negligent entrustment based on the exact same facts in a complaint containing the exact same allegations as this action. (RJN Ex. A.) ILFC removed the Prior Action to the United States District Court for the Central District of California, Case No. 2:11-cv-02251-MMM-MAN. (RJN Ex. B.) In the course of

---

[1] For the Court's ease of reference, ILFC has included citations to the same allegations in the complaints in the instant action and the prior action, entitled *Hassanati, et al. vs. International Lease Finance Corporation*, United States District Court, Central District of California, Case No. 2:11-cv-02251-MMM-MAN ("Prior Action").

2

briefing remand of the Prior Action (remand was ultimately denied), Plaintiffs filed a First Amended Complaint repeating the allegations of the original Complaint and adding the instant Plaintiffs, all allegedly proceeding individually and as heir or successor in interest to their respective decedents. (RJN Ex C.) In fact, with the exception of a few additions and changes of representative prompted by the Court's eventual recognition of the exclusive application of DOHSA,[2] the lists of plaintiffs added in the First Amended Complaint and of the instant Plaintiffs are identical. (Compl. Caption; RJN Ex. C at ¶¶ 1-44; RJN Ex. F at ¶¶ 1-44.) This identicalness is not in dispute. (Joint Rule 26(f) Report, ECF Dkt. No. 23 at p. 2, lines 3-8.)

ILFC moved to dismiss the First Amended Complaint, and the Court granted ILFC's motion based on the fact that the DOHSA preempted Plaintiffs' wrongful death and survival actions. (RJN Ex. D at pp. 105-106 [Order at pp. 17-18].) In that opinion, the Court acknowledged Plaintiffs' had argued that foreign laws saved their claims from dismissal, but rejected the argument as Plaintiffs had failed to specify the foreign law on which they relied. (RJN Ex. D at pp. 108-109 [Order at pp. 20-21].) The Court, nonetheless, granted Plaintiffs leave to amend to cure the deficiencies in the First Amended Complaint. (RJN Ex. D at pp. 109-112 [Order at pp. 21-24].)

Subsequently, on September 27, 2011 and September 20, 2012, Plaintiffs filed their Second Amended Complaint and Third Amended Complaint, respectively. (RJN Exs. E, F.) Neither amendment corrected the failure to specify the foreign law on which Plaintiffs relied; instead Plaintiffs incorrectly represented they were personal representatives empowered to proceed. (RJN Exs. E at pp. 118-126 [SAC at pp. 5-13], F at pp. 151-158 [TAC at pp. 5-13].) Indeed, both amendments only contained the same citation to 46 U.S.C. § 30306 and "any other laws foreign or domestic." (RJN Exs. E at p. 144 [SAC at p. 31], F at p. 176 [TAC at p. 31].)

[2] These changes include Plaintiffs' attempt to rehabilitate their complaint in the prior action after they were confronted with the fact that one of the purported personal representatives had actually long been dead before any suit was filed, that certain others were not correct names, or others were not their clients.

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.

After Plaintiffs filed their Third Amended Complaint, ILFC filed a Motion for Summary Judgment, and, on February 18, 2014, the Court granted that motion because Plaintiffs, contrary to their allegations, had failed to properly appoint personal representatives as required by DOHSA, the statute of limitations had run, and any further amendment was futile as it would not relate back to the date of the original filing. (RJN Ex. G.) The Court entered judgment on February 18, 2014. (RJN Ex. H.)

On March 4, 2014, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, and on August 11, 2014, Plaintiffs filed their Opening Brief. (RJN Exs. I, J.) On March 22, 2016, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's ruling. (RJN Ex. K.) On April 14, 2016, the Ninth Circuit issued its formal mandate. (RJN Ex. L.)

## III.  LEGAL STANDARD

A Rule 12(b)(6) dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "*Res judicata* is a proper basis for a Rule 12(b)(6) motion to dismiss where the relevant facts are apparent from the face of the complaint or subject to judicial notice." *Breslin v. Amtrust at Lloyd' s Ltd.*, No. CV 15-326-R, 2015 WL 9694809, at \*1 (C.D. Cal. Apr. 24, 2015) (citing *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (affirming district court order granting motion to dismiss under Rule 12(b)(6) where claims barred by res judicata) and *Knox v. Potter*, 131 Fed. Appx. 567 (9th Cir. 2005) (affirming motion to dismiss on grounds of res judicata)).

## IV.  ARGUMENT – PLAINTIFFS' COMPLAINT IS BARRED BY THE DOCTRINE OF *RES JUDICATA*

The doctrine of *res judicata* (*i.e.*, claim preclusion) prohibits the parties or their privies from re-litigating issues that "were raised <u>or could have been raised</u>" in a previous action. *Smith v. Coffman*, 620 F. App'x 574, 575 (9th Cir. 2015) (emphasis

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

4

added); *Smith v. Payne*, No. 12-01732, 2012 WL 6712041, at *5 (N.D. Cal. Dec. 26, 2012), *aff'd*, 594 F. App'x 397 (9th Cir. 2015) ("*Res judicata* bars litigation in an action if any of the claims were raised or could have been raised in a previous action") (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "A plaintiff 'cannot avoid the bar of *res judicata* merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory.'" *Smith*, 2012 WL 6712041, at *5 (citing *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986)).

Important private and public interests undergird the doctrine, including a plaintiff's interest in a full and fair opportunity to be heard, a defendant's interest in defending itself, the court's desire to avoid inconsistent results, and the preservation of judicial economy. *Id.* (collecting authorities). And, "[t]he Supreme Court has made clear … that there is 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.'" *Owens*, 244 F.3d at 714 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)).

*Res judicata* applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Turtle Island Restoration Network v. United States Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012) (quoting *Tahoe-Sierra Preservation Counsel, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)); *see also California v. IntelliGender, LLC*, 771 F.3d 1169, 1176 (9th Cir. 2014).

Here, Plaintiffs' complaint is barred by the doctrine of *res judicata* because all three requirements are met.

## A.    IDENTITY OF CLAIMS

In determining whether there is an identity of claims, the court should consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3)

5

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

whether the two suits involve infringement of the same right; and (4)

whether the two suits arise out of the same transactional nucleus of facts. *Turtle Island*, 673 F.3d 914 at 917-18). According to the Ninth Circuit, the last of these criteria - *i.e.*, whether the two actions arise out of the same transactional nucleus of facts - "is the most important." *Id*.

Two claims arise out of the same transactional nucleus of facts when they could have been brought together in the same action. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). Thus, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a *res judicata* finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Counsel, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Switching legal theories does not create a new cause of action sufficient to avoid *res judicata*; as long as the prior court had jurisdiction to hear the claims, all theories of liability are precluded. *First Pacific Bancorp, Inc. v. Helfer,* 224 F.3d 1117, 1128 (9th Cir. 2000).

Here, all criteria for determining an identity of claims are met. Starting with the fourth "most important" factor, the Prior Action and instant action arise out of the same transactional nucleus of facts. In the instant action and the Prior Action, the same Plaintiffs sought recovery from ILFC for "damages for wrongful death." (*Compare* Complaint at p. 1 *with* RJN Ex. F at p. 151 [TAC at p. 6].) In both actions, Plaintiffs attempt to bring claims against ILFC stemming from the June 30, 2009 crash of the Subject Aircraft. (*Id.*) In both actions, Plaintiffs allegations of wrongdoing are based on the same set of facts and sound under the same theory of negligent entrustment of the Subject Aircraft by ILFC to Yemenia Airlines. (*Compare* Complaint *with* RJN Exs. A, C, E, F.) As such, the two actions arise out of the same transactional nucleus of facts.

Second, the rights established in the Prior Action would be destroyed if the current action were to proceed. Specifically, the judgment ILFC obtained in its favor

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

6

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

and against Plaintiffs would be meaningless if the instant action were allowed to proceed. Such a result would be unjust as it would allow Plaintiffs "a second bite at the apple" and it would create a risk of inconsistent rulings.

Third, both actions involve the same evidence including, for example, the Yemenia lease agreement, the Annex 13 accident investigation report, judgments entered against the airline abroad and any documents supporting Plaintiffs' damages claims and that might confirm their identities and relationships to the decedent passengers. (*Compare, e.g.,* Complaint ¶¶ 26, 28-29 with RJN Ex. F, ¶¶ 69, 71-72.)

Fourth, the suits involve the same infringement of right - *i.e.*, whether ILFC is liable to Plaintiffs for damages for wrongful death stemming from the crash of the Subject Aircraft and based on Plaintiffs' allegations of negligent entrustment in both cases.

Moreover, the fact that Plaintiffs, in an attempt to cure the deficiencies in the Prior Action for failure to specify foreign law, allege the same legal theory only now based on purported Comoran and French code sections does not save the instant complaint from being barred by the doctrine of *res judicata*. This foreign law could have been raised by Plaintiffs in the Prior Action. *See Smith*, 620 F. App'x at 575.

In the First, Second, and Third Amended Complaints in the Prior Action, Plaintiffs referred to the potential application of foreign law. (RJN Exs. D at pp. 108-109 [Order at pp. 20-21]; E at p. 144 [SAC at p. 31]; F at p. 176 [TAC at p. 31].) However, as the Court pointed out in its holdings on ILFC's motion to dismiss, Plaintiffs' failed to specify the foreign law on which they relied. (RJN Ex. D at pp. 108-109 [Order at pp. 20-21].) Even after the passage of three years' time, Plaintiffs failed in the Prior Action to correct their lack of specification of foreign law. Having failed to address this shortcoming or otherwise address the Court's directives, the Court in the Prior Action granted summary judgment in favor of ILFC. (*See generally,* RJN Ex. G at p. 194 [Order at p. 17] and RJN Ex. H.) That judgment was affirmed on appeal by the United States Court of Appeals for the Ninth Circuit. (RJN Exs. K, L.)

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

Plaintiffs could have, but apparently elected not to, correct those deficiencies in the Prior Action. Instead, Plaintiffs waited until after the Prior Action was affirmed on appeal to initiate the instant action and try again. That Plaintiffs might regret this decision today does not permit an end run around the final judgment this Court entered and affirmed on appeal. Plaintiffs cannot now re-litigate issues that were and could have been raised in the Prior Action. *Smith*, 620 F. App'x at 575.

Thus, identity of claims exists between the two actions.

### B.    FINAL JUDGMENT ON THE MERITS

An order granting summary judgment constitutes a final judgment for the purposes of *res judicata* analysis. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). Similarly, a dismissal based on the expiration of the statute of limitations constitutes a final judgment for the purposes of *res judicata* analysis. *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995); *McKenzie v. Marshall*, 2009 WL 2767675, at *3 (C.D. Cal. July 26, 2009). Finally, affirmation on appeal renders a judgment final. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1462 (9th Cir. 1993); *Yan Sui v. 2176 Pac. Homeowners Ass'n*, 2012 WL 6632758, at *4, 7 (C.D. Cal. Aug. 30, 2012).

In this case, the Prior Action resulted in a final judgment on the merits. The District Court granted summary judgment in ILFC's favor and dismissed Plaintiffs' claims based their failure to meet the requirements of DOHSA prior to the expiration of the statute of limitations. (RJN Exs. G.) Both an entry of summary judgment in ILFC's favor and a dismissal on statute-of-limitations grounds constitute a final judgment for *res judicata* purposes. *Plaut*, 514 U.S. at 228; *Mpoyo*, 430 F.3d at 988; *McKenzie*, 2009 WL 2767675, at *3.

Indeed, the circumstances in this case are similar to those in *Mpoyo*. In *Mpoyo*, the plaintiff sought leave to amend his complaint to add additional claims after the close of discovery and after the parties had fully briefed summary judgment. *Mpoyo*, 430 F.3d at 986. The District Court denied the plaintiff's request and subsequently

8

granted summary judgment in favor of the defendant. *Id*. While the first suit was on appeal, the plaintiff filed a second suit asserting the claims which the District Court had not permitted the plaintiff to add in the first suit. *Id*. The Ninth Circuit ruled that the judgment in the first suit was final and that the claims in the second suit were barred by the doctrine of *res judicata*. *Id*. at 988.

In this case, Plaintiffs are similarly barred. Here, the District Court granted summary judgment in favor of ILFC. (RJN Exs. G, H.) That judgment was affirmed on appeal.   (RJN Exs. K, L.) Subsequently, Plaintiffs brought the instant action asserting allegations or claims that could have been brought in the Prior Action. Like in *Mpoyo*, however, the grant of summary judgment in favor of ILFC and affirmation on appeal is final. Thus, Plaintiffs' claims in the instant action, like *Mpoyo*, are barred by the doctrine of *res judicata*.

Further, to the extent the judgment issued by Judge Morrow on the order granting summary judgment contained language regarding a dismissal "without prejudice" (RJN Ex. H), those words were plainly a scrivener's error and should be considered in conjunction with Judge Morrow's subsequent explanation that her dismissal of the Prior Action was "with prejudice." (RJN Ex. M at p. 294, lines 1-14 [Order at p. 22, lines 1-14].) Specifically, when addressing a related motion in the *Abdallah* matter,[3] and in the context of considering whether the Prior Action resulted in a final judgment, Judge Morrow stated the following:

> ILFC lost on the issue of forum *non conveniens* as a result of the court's entry of final judgment in *Hassanati* [*i.e.*, the Prior Action]. Although the court ultimately entered judgment in ILFC's favor based on the *Hassanati* plaintiffs' lack of standing, the issue of forum *non conveniens*

---

[3] The "*Abdallah* matter" refers to *Abdallah, et al. v. International Lease Finance Corp. et al.*, U.S. District Court for the Central District of California, Case No. 2:14-cv-06769-DSF-SS (previously Case No. 2:14-cv-06769-MMM-MAN).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

had necessarily to be decided for the court to reach the substance of plaintiffs' claims and <u>ultimately dismiss the claims with prejudice</u>.

***

ILFC does not dispute that denial of its motion to dismiss on forum *non conveniens* grounds had necessarily to be decided in order to reach the merits of the *Hassanati* plaintiffs' claims and <u>dismiss those claims with prejudice</u>. Had the court reached a contrary decision and granted the forum *non conveniens* motion, <u>it would have been unable to render a judgment on the merits in that case</u>.

(RJN Ex. M at p. 294, lines 1-14 [Order at p. 22, lines 1-14] (<u>emphasis</u> added).)

Further, those words in the judgment bear no weight for *res judicata* purposes as the District Court in the Prior Action was not required to take further action to determine the matter fully litigated. *Russell v. Commissioner of Internal Revenue*, 678 F.2d 782, 786 (9th Cir. 1982) (judgment is final when no "further judicial action by the court rendering the judgment is required to determine the matter litigated"). In fact, Plaintiffs in the Prior Action, were entitled to, and did, immediately appeal. (RJN Ex. I.) That appeal rendered any doubt as to the finality of the judgment meaningless as the affirmation on appeal finalized the judgment of the District Court. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d at 1462; *Yan Sui*, 2012 WL 6632758, at *4, 7.

Moreover, the fact that the judgment was final is not in dispute. In filing their appeal to the United States Court of Appeals for the Ninth Circuit, Plaintiffs relied on 28 U.S.C. § 1291 for appellate jurisdiction. (RJN Ex. J at p. 256 [Open. Brief at p. 1].) 28 U.S.C. §1291 governs a Circuit Court's jurisdiction over appeals by right of "all final decisions of the district courts." Further, in their Opening Brief, Plaintiffs stated that the District Court had entered a final judgment and that the Ninth Circuit had jurisdiction over that final order. (RJN Ex. J at p. 256 [Open. Brief at p. 1].) Thus, not only did the Prior Action result in a final judgment as determined by law, but Plaintiffs

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.

have also expressly conceded this fact. Accordingly, it cannot be disputed that the Prior Action was resolved by way of a final judgment on the merits.

## C. PRIVITY BETWEEN PARTIES

Finally, the requisite privity exists. Privity between parties exists when the parties are identical or when "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081-82 (9th Cir. 2003). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Id*. When two parties are "so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir.1993); *see also* C*offelt v. California Dep't of Corr.*, 2012 WL 5570445, at *4 (C.D. Cal. Oct. 2, 2012), *report and recommendation adopted sub nom. Coffelt v. California Dep't of Correction*, 2012 WL 5730851 (C.D. Cal. Nov. 15, 2012). Heirs and successors in interest in wrongful death actions are classic examples of parties in privity. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1053 (9th Cir. 2005).

In this case, as discussed above, the parties in the current action are the same parties as in the Prior Action. Specifically over 300 Plaintiffs, all alleged heirs and relatives of the same decedents, brought the Prior Action and the instant action. (Compl. Caption; RJN Ex. C at ¶¶ 1-44; RJN Ex. F at ¶¶ 1-44.) To the extent any of the Plaintiffs in the instant action were not plaintiffs in the Prior Action, they were plainly in privity with them as any new plaintiffs are alleged heirs and relatives representing the same decedents already represented in the Prior Action, have the same claims as the prior plaintiffs, and seek to recover the same damages. *See Headwaters Inc.*, 399 F.3d at 1053. Additionally, ILFC is the sole named defendant in both actions. Accordingly, privity between parties exists.

## V.  CONCLUSION

In sum, for all of the above reasons, all three requirements of *res judicata* are met. Accordingly, Plaintiffs' complaint in the instant action (and all the claims contained therein) is barred by the doctrine of *res judicata*. Thus, ILFC respectfully requests that the Court grant the motion to dismiss with prejudice, and grant such further relief as the Court deems just.

Dated: September 16, 2016          Respectfully submitted,

LOCKE LORD LLP


By:  */s/ Kelly S. Biggins*
Christopher R. Barth (*pro hac vice*)
Matthew J. Kalas (*pro hac vice*)
Kelly S. Biggins

Attorney for Defendant
INTERNATIONAL LEASE FINANCE
CORPORATION

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

12

ILFC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEM. P. & A.