Walter J. Lack, Esq. (SBN 57550)
Mark E. Millard, Esq. (SBN 175169)
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, Suite 1200
Los Angeles, CA  90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434
mmillard@elllaw.com

Attorneys for Plaintiffs,
Mmadi Mlatamou Hassanti, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMADI MLATAMOU HASSANATI, et al.,<br><br>                    Plaintiffs,<br><br>  vs.<br><br>INTERNATIONAL LEASE FINANCE CORPORATION; and DOES 1-50 Inclusive,<br><br>                    Defendants. | **CASE NO: 2:16-cv-02734-DSF-SS**<br>[Unlimited Civil Action]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT INTERNATIONAL LEASE FINANCE CORPORATION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**<br><br>*[Filed concurrently with Request for Judicial Notice; and Objections to Request for Judicial Notice]*<br><br>Date:      November 21, 2016<br>Time:      1:30 p.m.<br>Ctrm:      840 Roybal |

**TO THE HONORABLE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:**

Plaintiffs hereby submit their opposition to Defendant's Motion to Dismiss pursuant to *Federal Rules of Civil Procedure* Rule 12(b)(6).

This Opposition is made on the following grounds:

1)      The Doctrine of *Res Judicata* does not apply to this Action.

416108                                          1

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

2)   The prior Action was dismissed for lack of standing and, based thereon, "***Without Prejudice***" as the law requires.

3)   The dismissal "***without prejudice***" is not a final judgment on the merits and, therefore, does not bar refiling under another applicable Statute of Limitations;

4)   DOHSA provides that a Foreign Cause of Action may be brought in this Court;

5)   This action proceeds under Comoran Law and it's still running 30 year Limitation period, precisely as did the related *Abdallah v. International Lease Finance Corporation*, USDC, Case No. 2:14-cv-06769 DSF-SS, before this very Court;

6)   Hence, because there has not been a final judgment on the merits, application of the Doctrine of *res judicata* to the instant Action would be improper and, therefore, Defendant's Motion should be denied.

This Opposition is based on, the attached Memorandum of Points and Authorities, Request for Judicial Notice and the exhibits attached thereto, and Objections to Request for Judicial Notice, on all pleadings, papers and records on file herein, and on such other and further oral and documentary evidence as may be presented at the hearing of this Motion.

Respectfully submitted,

DATED:  October 31, 2016          ENGSTROM, LIPSCOMB & LACK

By: */s/ Mark E. Millard*
          WALTER J. LACK, ESQ.
          MARK E. MILLARD, ESQ.
          Attorneys for Plaintiffs

416108                              2

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.................................................1

I.   INTRODUCTION ...............................................................................................1

II.  RELEVANT FACTS ...........................................................................................2

III. STANDARDS APPLICABLE TO RULE 12(b)(6) MOTIONS .........................................................................................................5

IV.  EXTRINSIC EVIDENCE SHOULD BE DISREGARDED BY THIS COURT AS INADMISSIBLE, IMPROPER AND IRRELEVANT .................................................................................................5

V.   ARGUMENT -- *RES JUDICATA DOES NOT BAR THE FILING OF THE PRESENT ACTION* ................................................................6

   A.  The Prior Action, *Hassanati I*, Was Dismissed *Without Prejudice* .................................................................................6

      1.  Defendant is Time Barred by Statute from Now Questioning Judge Morrow's Written Judgment as being *Without Prejudice* as the Right to do so Lapsed more than Two and One-Half Years Past ...................................................8

      2.  The Law Mandates That A Dismissal for lack of Standing Must Be *Without Prejudice* ...............................................8

      3.  Judge Morrow Meant What She Said and Said What She Meant, the Judgment is *Without Prejudice* as the law Requires ..............................................................10

   B.  The Prior Judgment Is Not A Final Judgment On The Merits For *Res Judicata* Purposes; it is Explicitly *Without Prejudice* .................................................................11

416108                                          i

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

      1.     The Judgment in *Hassanati I* was *Without Prejudice* and, Therefore, Not A Bar to the Filing of This Action .....................................................................13

      2.     *Res Judicta* Is Not a Bar to This Action as the Prior Judgment was Not Based on the Merits or Substance of Plaintiffs' Claims ....................................................16

VI.    CONCLUSION .........................................................................................17

CERTIFICATE OF SERVICE ...............................................................................19

416108          ii

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andy's BP, Inc. v. City of San Jose*
    2013 WL 485657, (N.D. Cal., Feb. 6, 2013)..........................................................9

*Arpin v. Santa Clara Valley Transp. Agency,*
    261 F.3d 912 (9th Cir. 2001) ...................................................................................5

*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994) .....................................................................................5

*Brereton v. Bountiful City Corp.,*
    434 F.3d 1213 (10th Cir. 2006) ...........................................................................8, 9

*Conley v. Gibson,*
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .......................................................5

*Costello v. U. S.,*
    365 U.S. 265, 81 S. Ct. 534, 5 L.Ed.2d 551 (1961) ...............................................15

*County of Mille Lacs v. Benjamin,*
    361 F.3d 460 (8th Cir. 2004) ..........................................................................7, 9, 10

*De La Cruz v. Tormey,*
    582 F.2d 45 (9th Cir. 1978) .....................................................................................5

*Fleck and Assoc., Inc. v. Phoenix, City of, an Arizona Municipal Corp.,*
    471 F.3d 1100 (9th Cir. 2006) ..............................................................................7, 9

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ...................................................................................6

*Leon v. IDX Systems Corp.,*
    464 F.3d 951 (9th Cir. 2006) ...................................................................................6

*McGucklin v. Smith,*
    974 F.2d 1050 (9th Cir. 1992) ...............................................................................14

*Mpoyo v. Litton Electro-Optical Sys.,*
    430 F.3d 985 (9th Cir. 2005) .............................................................................11, 12

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

*Offshore Logistics, Inc. v. Tallentire*,
477 U.S. 207 (1986) ...................................................................................15

*Peloza v. Capistrano Unified School Dist.*,
37 F.3d 517 (9th Cir. 1994) .........................................................................5

*Semtek Intern. Inc. v Lockheed Martin Corp.*,
531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) .............................. 14, 16, 17

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group
Ltd.*, 181 F.3d 410 (3rd Cir. 1999) ...........................................................6

*Spokeo, Inc. v. Robins*,
--- U.S. ---, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ...............................9

*St. Romes v. Levee Steam Cotton-Press Co.*
127 U.S. 614, 8 S.Ct. 1335, 32 L.Ed. 289, (1888) ...................................13

*Warth v. Seldin*,
422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ...............................9

*Wittman v. Personhuballah*,
84 USLW 4322, 136 S.Ct. 1732, 195 L.Ed.2d 37 (2016) .........................9

**Federal Statutes**

46 U.S.C. §30306................................................................................................15

**Federal Rules**

*Federal Rules of Civil Procedure*,
Rule 12(b)(6) ...........................................................................................5, 6

Rule 12(d) ......................................................................................................9

Rules 15(c) ...................................................................................................13

Rule 17(a) ..................................................................................................3, 13

Rule 41(b) ..................................................................................................9, 10

Rule 56............................................................................................................4

Rule 59(e) ......................................................................................................8

*Federal Rules of Evidence*, Rule 201(b)........................................................6

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

These Plaintiffs' prior action was dismissed by Judge Morrow "*Without Prejudice* for *lack of standing and/or because they are not the real parties in interest*."  Based on the Judgment alone, Defendant's Motion is without merit and should be denied in the entirety[1].

Defendant moved to dismiss the prior Action on the jurisdictional ground that, the named Plaintiffs had not properly obtained judicial appointment to act as the personal representatives. The Court agreed, granted summary judgment and dismissed Plaintiffs claims for lack of standing without prejudice.

It is well settled law that a dismissal for lack of standing is jurisdictional and must be without prejudice.  As such, Judge Morrow did not err in dismissing the case *"without prejudice",* to the contrary, the law required the dismissal on jurisdictional grounds to be without prejudice.  Defendant's unfounded claim of error committed by Judge Morrow when she dismissed the action "*without* prejudice," is unfounded and seeks a ruling contrary to law.  Had the Judgment been "with" prejudice it would have been reversible error.

Accordingly, because the prior Judgment dismissed the action on jurisdictional grounds, without prejudice, it is not a final adjudication on the merits and not a bar to a subsequent action in this Court.

Unique to this action is there being an applicable statute of limitations from another jurisdiction which the Death on the High Seas Act ("DOHSA") provides may be pursued in this Court.  Indeed, the Comoran Law and it's still running 30 year Limitation period under which this Action proceeds, is the precise law and limitations period the related *Abdallah v. International Lease Finance Corporation*,

---

[1]  It is noteworthy that Defendant fails to even mention in its moving papers the "lack of standing," the explicit basis upon which it sought dismissal and the stated basis of the dismissal in the Judgment.

416108                                          1

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

USDC, Case No. 2:14-cv-06769 DSF- SS[2], was litigated under before this very Court.

Therefore, because the prior judgment was a dismissal on jurisdictional grounds for lack of standing and ***without prejudice***, the judgment was not on the merits and, therefore, *res judicata* does not bar the filing of this Action.

## II.      <u>RELEVANT FACTS</u>

Defendant's statement of facts, are, for the most part, undisputed with exception taken only to the arguments contained therein and omission of the only facts relevant to this Motion, the jurisdictional basis for which Defendant sought summary judgment, lack of standing, as well as, the subject Complaint's statement of Comoran law and limitations period upon which this action is premised.

Plaintiffs filed the instant complaint on April 21, 2016 (ECF Dkt. No. 1).  The complaint specifies the foreign Comoran Civil Code upon which it relies and most importantly the **Comoran 30 year limitations period which *has yet to lapse*,** namely:

> 41.    Comoros Law No. 75-04 /ANP of July 29, 1975, which was adopted and promulgated just after the declaration of independence of Comoros on July 6, 1975, states that "all laws currently in force shall remain in force, with the exception of the land-use management laws." Pursuant to the aforementioned statute, numerous provisions of the French Civil Code that had governed the Comoros as a colony of France have remained in force to the present.
>
> 42.    Among those provisions of French law that were, at the time of the subject accident, still in force, are Articles 1382 and 1383 of the French Civil Code, which read as follows:

---

[2]  The *Abdallah* Case proceeded under Comoran law and was filed, after the US Statute of Limitations had lapsed, pursuant to the Comoran 30 year Statute of Limitations. The case was settled.

416108                                          2

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

Article 1382: Any act whatsoever committed by a person that causes damages to others shall obligate the party at fault to repair such damages.

Article 1383: All persons shall be held responsible not only for damages caused by their acts, but also those caused by their negligence or imprudence.

43. Plaintiffs' claims under these two sections are timely filed under Article 2262 of the French Civil Code as it existed in 1975, which is still in force in Comoros and provides for a limitations period of thirty years, stating in relevant part "All actions, either real or personal, are prescribed per thirty years."

Procedurally, in the prior action, the District Court dismissed the action ***without prejudice for lack of standing*** premised upon Plaintiffs' failure to obtain appointment, by a California Probate Court, of personal representatives to pursue litigation on behalf of the heirs of 53 persons who perished onboard Defendant's aircraft. The dismissal was triggered by Plaintiffs' filing a Motion to Appoint the named foreign Plaintiffs as the personal Representatives in compliance with DOHSA albeit beyond the running of the Statute of Limitations by just shy of the one year anniversary.

Plaintiffs cited and argued for application of *Federal Rules of Civil Procedure*, Rule 17(a) which explicitly precludes dismissal for failure to have the real party in interest in the case, until after objection has been made and thereafter a reasonable amount of time has been provided to cure the deficiency. Once the real party in interest is corrected the amended complaint will relate back so that the Statute of Limitations is not a bar over such a technical issue.

In response to plaintiffs' Motion to Appoint, **Defendant filed a motion for summary judgment raising *the issue of standing*** and successfully arguing to the District Court that a California Estate must be opened through which a California

416108      3

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

resident must be appointed as the Personal Representative of the estates for each of the 53 decedents.

The District Court denied plaintiffs' motion to appoint holding it did not have the power to make the appointments and granted defendant's motion for summary judgment and dismissed the case.  Judgment was entered without objection stating:

> **1.**   **That Plaintiffs' DOHSA claim is dismissed against International Lease Finance Corporation *without prejudice* for *lack of standing* and/or because they are not the real parties in interest; and**
>
> **2.**   **That the action be, and it hereby is, dismissed.**

(*See*, Exh H to Defendant's Request for Judicial Notice ("RJN".)

The merits of the Action concern the allegations that Defendant International Lease Finance Corporation (hereafter referred to as "ILFC") negligently entrusted an Airbus aircraft it owned when it rented and continued to rent the aircraft to Yemen Airlines.  Plaintiffs' have alleged numerous citations for safety violations issued against Yemen for which ILFC knew or should have known, well in advance of the subject crash on June 30, 2009.

Defendant's Motion for Summary Judgment was *limited to the issue of standing*; that the named Plaintiffs had not been properly appointed, specifically:

> This Motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no dispute that plaintiffs were not at the time of filing the prior complaints and have never been the properly appointed personal representatives of the decedents of the accident.

(*See*, Defendant's Motion for Summary Judgment, page 2, attached to Plaintiffs concurrently filed Request for Judicial Notice as Exh. 1.)

Defendant's Motion for Summary Judgment addressed none of the substantive claims and, therefore, the dismissal was not on the merits, rather, Defendant sought

416108                                                    4

and obtained a dismissal purely on jurisdictional grounds, specifically: "**Plaintiffs' DOHSA claim is dismissed against International Lease Finance Corporation** *without prejudice* **for** *lack of standing* **and/or because they are not the real parties in interest**" (*See*, Exh H to Defendant's RJN); the lack of standing being a jurisdictional grounds and not on the merits.

### III.   STANDARDS APPLICABLE TO RULE 12(b)(6) MOTIONS

A Rule 12(b)(6) motion tests the legal sufficiency of the claim stated in the complaint.  The issue before the Court is whether the facts alleged, if true, would entitle the plaintiffs to legal relief.  If plaintiffs are entitled to some relief, the motion must be denied.  *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

### IV.   EXTRINSIC EVIDENCE SHOULD BE DISREGARDED BY THIS COURT AS INADMISSIBLE, IMPROPER AND IRRELEVANT

In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).   Defendant attaches extrinsic materials well beyond the scope of the complaint, and not properly before this court on a motion to dismiss.  *See, e.g., Arpin v. Santa Clara Valley Transp. Agency*,  261 F3d 912, 925 (9th Cir. 2001).

While most of the documents for which Defendant seeks judicial notice are proper, the taking judicial notice of facts contained within the documents when such facts are subject to reasonable dispute, is not proper.

Defendants contend that the comments in the documents will be sufficient to convince this Court to change Judge Morrow's written Judgment from "without" prejudice to "with" prejudice to support its Motion to Dismiss on res judicata grounds.  Plaintiffs specifically object to the Court taking judicial notice of not just

416108                                           5

the comments but also to performing an analysis of the meaning and intent of such comments.  Such an exercise into Judge Morrow's thought process when she made the unrelated comments is subject to reasonable dispute and is hotly contested.

"On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so '*not for the truth of the facts recited therein, but for the existence of the opinion*, which is not subject to reasonable dispute over its authenticity.' *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). "But a court may not take judicial notice of a fact that is 'subject to reasonable dispute.' *Fed.R.Evid.* 201(b)." (Emphasis added.) *Id*. at 689.

Were the Court to consider extrinsic matters (as a converted summary judgment), plaintiffs must be given ample time and reasonable opportunity to present all material evidence in their favor.  *Fed.R.Civ.Proc.* 12(d).

## V.    ARGUMENT -- *RES JUDICATA DOES NOT BAR THE FILING OF THE PRESENT ACTION*

In order for Defendant to prevail on the defense of a *res judicata* bar to this Action, it must establish the prior action:  (1) reached a final judgment on the merits; (2) involved the same cause of action or claims; and (3) involved identical parties or privies. *Leon v. IDX Systems Corp.,* 464 F.3d 951, 962 (9th Cir. 2006).  Here, the issue concerns the first element, which defendant cannot satisfy, as the prior action was dismissed *without prejudice* and was dismissed on a *jurisdictional ground, plaintiffs lack of standing* to bring the suit which the law requires must be a without prejudice dismissal.  Hence, Defendants Motion lacks merit and, respectfully, should be denied.

### A.    The Prior Action, *Hassanati I,* Was Dismissed *Without Prejudice*.

Judge Morrow entered Judgment for Defendant, dismissing Plaintiff's DOHSA claim "*without prejudice* for *lack of standing* and/or because they are not

the real parties in interest." (*See*, Judgment filed as Defendants RJN Exhibit H.)

Defendant, cognizant of the effect of a dismissal *without prejudice* which permits the filing of the instant Action, seeks to convince this Court that Judge Morrow did not mean what she wrote; she wrote "*without prejudice*", when, according to the Defendant, what she really meant was "with prejudice".

Not only has the time to question the language long passed, there is no basis for doing so as Judge Morrow was required to enter Judgment "*without prejudice*" when dismissing the action on a jurisdictional basis for lack of standing.  Indeed, had she done what Defendant now requests from this Court, to change the dismissal to "with" prejudice, would [and will] be reversible error. *Fleck and Assoc., Inc. v. Phoenix, City of, an Arizona Municipal Corp.*, 471 F.3d 1100, 1107 (9th Cir. 2006); *County of Mille Lacs v. Benjamin,* 361 F.3d 460, 464-465 (8th Cir. 2004).

Defendant's invitation to this Court to follow it into a course of speculation, conjecture and mind reading, should be rejected outright.  This is especially true when the result sought of rewriting the Judgment is untimely, contrary to law and if it were not, it will result in these Plaintiffs losing their right to obtain justice and compensation just as the *Abdallah* plaintiffs did by filing pursuant to the Comoran 30 year limitation period at a time when the DOHSA limitations period had previously lapsed; notably resulting in compensation by way of settlements reached.  These Plaintiffs too deserve equal justice.

Most certainly Judge Morrow was capable of and did accurately comply with the law when she wrote the single sentence of the Judgment that:  "**Plaintiffs' DOHSA claim is dismissed against International Lease Finance Corporation *without prejudice* for *lack of standing* and/or because they are not the real parties in interest**" (*See*, Exh H to Defendant's RJN.)  The Motion is void of factual or legal merit and should be denied.

///

///

416108                                    7

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

### 1.    Defendant is Time Barred by Statute from Now Questioning Judge Morrow's Written Judgment as being *Without Prejudice* as the Right to do so Lapsed more than Two and One-Half Years Past.

*Federal Rules of Civil Procedure*, Rule 59(e) is explicit in its limitation for requesting a change to a judgment, in this case to alter judgment to "with" prejudice, mandating that such request "**must be filed no later than 28 days after entry of the judgment**."  The subject Judgment was entered on February 18, 2014 (*See*, Exh H to Defendant's RJN), hence, requesting a change two and one half years later, is prohibited by Rule 59(e).  Defendant's Motion is time barred and should be denied. Indeed, Rule 59(e) is meant to protect this very scenario of time barred attempts to alter valid Judgments, especially when this Judgment is more than two years old. The Motion should be denied.

### 2.    The Law Mandates That A Dismissal for lack of Standing Must Be *Without Prejudice*.

The Judgment in the prior action, dismissing the action ***without prejudice for lack of standing***, was in accordance with legal mandates.  It would be reversible error to dismiss "with" prejudice when based on a lack of standing. Hence, Defendant's requested change to the Judgment to a "with" prejudice dismissal would be reversible error then and now, and, therefore, Defendant's motion should be denied.

In the Tenth Circuit, there is "[a] long line of cases from this circuit [which] holds that where the district court dismisses an action for lack of jurisdiction[3], as it did here, ***the dismissal must be without prejudice***." (Emphasis added.) *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

---

[3]  It is axiomatic that "standing" is a jurisdictional mandate. One need only look to Blacks for a definition of Standing: "Standing is a jurisdictional issue which concerns power of federal courts to hear and decide cases and does not concern ultimate merits of substantive claims involved in the action." Standing … focuses on whether the litigant is the proper party to fight [or bring] the lawsuit." (Black's Law Dictionary (Abridged 5th ed. 1983).

416108                                         8

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

The Ninth Circuit is in accord, citing *Brereton, supra,* for its holding that a "***dismissal for want of standing <u>must</u> be 'without prejudice.'***" *Fleck and Assoc., Inc. v. Phoenix, City of, an Arizona Municipal Corp.*, 471 F.3d 1100, 1107 (9ᵗʰ Cir. 2006). This mandate is required **"[s]*ince standing is a jurisdictional mandate*[4]**, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice." *Brereton, supra; Andy's BP, Inc. v. City of San Jose* 2013 WL 485657 (N.D. Cal., Feb. 6, 2013), at *8, aff'd (9th Cir. 2015) 605 Fed.Appx. 617.

Accordingly, it is reversible error for a District Court to grant summary judgment "with" prejudice based on a lack of standing. *County of Mille Lacs v. Benjamin,* 361 F.3d 460, 464-465 (8ᵗʰ Cir. 2004) (The district court issued its summary judgment with prejudice. ***A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent*. … In conclusion, we affirm the district court's dismissal for lack of standing. However, *we reverse the district court's decision to dismiss the complaint with prejudice*. (Emphasis added).)

In addition, *Federal Rules of Civil Procedure*, Rule 41(b) - Involuntary Dismissal - Effect, provides:

---

[4] A party invoking a federal court's jurisdiction must establish Article III standing. *Wittman v. Personhuballah*, 84 USLW 4322, 136 S.Ct. 1732, 1736, 195 L.Ed.2d 37 (2016). ("Article III of the Constitution grants the federal courts the power to decide legal questions only in the presence of an actual "Cas[e]" or "Controvers[y]." This restriction *requires a party invoking a federal court's jurisdiction to demonstrate standing*.); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (In its constitutional dimension, *standing imports justiciability*: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III. This is the *threshold question in every federal case*, determining the power of the court to entertain the suit.)*; Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). (*Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy*. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood. *See id*., at 820, 117 S.Ct. 2312. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.)

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. ***Unless the dismissal states otherwise,*** a dismissal under this subdivision (b) *and any dismissal not under this rule—**except one for lack of jurisdiction***, … operates as an adjudication on the merits.

In the case at bar, the dismissal as permitted by Rule 41(b) "states otherwise" explicitly dismissing the Action ***"without prejudice."*** Further, because the dismissal was "***for lack of standing***", "one for lack of jurisdictional", it is explicitly excepted from a dismissal on the merits. Hence, the subject dismissal is not on the merits and is properly "without" prejudice. *See, County of Mille Lacs, supra,* at 464, citing *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981) (Under Rule 41(b) … ***dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice***. (Emphasis added).)

### 3. Judge Morrow Meant What She Said and Said What She Meant, the Judgment is *Without Prejudice* as the law Requires.

Defendant's Motion fails even if it were not time barred and contrary to law. In a wild stretch of the imagination, supported by only speculation and conjecture, Defendant seeks to take an off the cuff comment made in a different case, the *Abdallah* action, addressed in a different context, contained deep within a 50 page unrelated opinion denying Defendant's forum *non conveniens* motion, filed more than one year past, as evidence of Judge Morrow having been unable to clearly write her one sentence Judgment.[5]

The document relied upon makes no reference to Judge Morrow having incorrectly entered Judgment "***without prejudice***" in these Plaintiffs' prior Action,

---

[5] Plaintiffs' filed concurrently herewith, objections to the taking of judicial notice of the document, specifically, for the truth of the matters stated in the document and the attempt to suggest such comments evidence Judge Morrow having incorrectly written her Judgment in a separate case.

416108                                    10

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

nor do the issues in the order from the other, *Abdallah* Action , suggest that Judge Morrow was or had at any time reconsidered her prior Judgment or even looked at it before making the unrelated off the cuff statement.

Rather, based on pure speculation and conjecture, Defendant seeks to take the selected comments from the 50 page order and suggest to this Court that Judge Morrow's Judgment in the *Hassanati I* Action was wrongly written; that Judge Morrow was unable to correctly write the one sentence Judgment making crystal clear the Judgment was *without prejudice*.  The more plausible conclusion is that the off the cuff comments in the *Abdallah* Order were inaccurate and because the Judgment in these Plaintiff's prior Action was not at issue in that case, it is of no moment to the effect of that order or to this Action and this Motion.

**B.    The Prior Judgment Is Not A Final Judgment On The Merits For *Res Judicata* Purposes; it is Explicitly *Without Prejudice*.**

Judge Morrow, fully aware of the fact that she was making a jurisdictional ruling on purely technical procedural ground-for lack of standing and, having not considered the merits of Plaintiffs' negligent entrustment claim whatsoever, wrote without ambiguity:  "**Plaintiffs' DOHSA claim is dismissed against International Lease Finance Corporation *without prejudice* for lack of standing and/or because they are not the real parties in interest**" *(See*, Exh H to Defendant's RJN.)

Certainly, Judge Morrow was fully aware of the differences between a ruling on the substance of the claim-on the merits and one on jurisdictional grounds for lack of standing-not on the merits.

Defendant places great weight on the decision of *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) for the proposition that an order granting summary judgment creates a *res judicata* bar to any further claims. Notably, this decision fails to suggest that an Order issued "***without prejudice***" and/or "***for lack of standing***" is a bar to filling a subsequent action.

416108                                   11

The *Mpoyo* case, so heavily relied upon by ILFC, concerned claims arising out of the same transaction that were **decided on the merits** when they were dismissed on summary judgment. *Id*. at p. 988.   Hence, with prejudice and inapposite to the issues presented in this Action.

It is instructive to first note that the *Hassanati I* Judgment did not address any substantive issues, rather, was concerned only with the issue of standing and specifically stated that the Judgment was based on the *lack of standing* and was *without prejudice*, unlike the *Mpoyo* Judgment.

It is hornbook law that, "[n]*ormally, a judgment based solely on some procedural error is not a judgment on the merits.  ... often referred to as a dismissal without prejudice*" (Black's Law Dictionary (Abridged 5th ed. 1983)). Judge Morrow entered Judgment "*without prejudice*" because of her finding that the Plaintiffs did not have standing to bring the suit, having not complied with the procedural requisites of obtaining court approval to act as the Plaintiffs.   No substantive issues were briefed, argued or decided by the Court, indeed, none were even raised by Defendant's summary judgment motion. (See, Exh. 1 to Plaintiffs RJN.)

Indeed, Judge Morrow concluded:  "Reviewing the record as a whole, it is clear that plaintiffs have adduced no evidence raising triable issues of fact as to whether they are personal representatives who can sue under DOHSA.  Accordingly, the court grants ILFC's motion for summary judgment." (See, Defendants Exh. G to its RJN, final page G-209.)   The merits of Plaintiffs claim that defendant ILFC negligently entrusted it's Airbus to Yemen Airways resulting in the deaths of the Plaintiffs' loved ones, was not addressed.   The dismissal was simply on jurisdictional grounds for lack of standing to sue, not on the merits and accurately stated as *without prejudice*.  Hence, *res judicata* is not a bar the action before this Court.

416108                                          12

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

As stated by Judge Reinhardt, Circuit Judge, who wrote the dissent to the 9th Circuit Court of Appeals Memorandum Opinion in the prior action, the matter was not decided on the merits, rather dismissed for not fulfilling a complex technical requirement:

> Plaintiffs allege that more than forty people died as a result of Defendant's negligence and seek damages for the eligible relatives of the victims. ***The district court found that these claims—<u>meritorious or not</u>—were forfeited because their attorneys waited too long to <u>fulfill a complex technical requirement</u>:  having California appoint personal representatives, who are all French or Comoran citizens, for the victim's estates.***[6]

(*See*, Defendant's RJN Exhibit K, p. 1 of Dissent; also filed at ECF Dkt. No. 41 in the Ninth Circuit docket for case No. 14-55348).

The law has withstood the test of time, dating back to 1888, a dismissal for want of having the correct parties prosecuting the action, lacking standing, is not a bar to a subsequent action. *St. Romes v. Levee Steam Cotton-Press Co*., 127 U.S. 614, 619, 8 S.Ct. 1335, 1338, 32 L.Ed. 289 (1888).  (But ***a dismissal of a suit for want of parties does not render the subject of controversy res judicata. It leaves the merits unconsidered and undisposed of***. We are of opinion that ***the defense of res judicata cannot be sustained***.) (Emphasis added.)

Hence, the defense of *res judicata* in this case, which was dismissed for lack of standing, not having proper plaintiffs prosecuting the action, likewise "cannot be sustained."

### 1. <u>The Judgment in *Hassanati I* was *Without Prejudice* and, Therefore, Not A Bar to the Filing of This Action.</u>

Ninth Circuit precedent allows re-filling when no adjudication was made on

---

[6]  Judge Reinhardt concluded that:  "The district court did not consider whether this delay prejudiced Defendant in its analysis of whether Plaintiffs future appointment as personal representatives could relate back to their initial complaint under Rules 15(c) and 17(a).  This was legal error and thus an abuse of discretion.  I therefore dissent from the majority's contrary finding."

416108

13

the merits of the prior action. *McGucklin v. Smith*, 974 F.2d 1050, 1053 (9th Cir. 1992) ("Alternatively, a dismissal *without prejudice may be intended to end the litigation in the court involved but not to act as an adjudication on the merits or to bar the filing of a similar action in another court*.  Such dismissal would be a 'final' disposition and appealable. (citations) The fact that the plaintiff could refile the action in *another* (state or federal) court—**or in the *same* court in a new action**—is irrelevant to the finality inquiry" (emphasis in original).)

The United States Supreme Court, in *Semtek Intern. Inc. v Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), considered and rendered an opinion on the meaning of the terms "without prejudice" and "on the merits" in relation to allowing a subsequent suit to be filed and in the same Court. "The primary meaning of 'dismissal *without prejudice*' we think, is dismissal *without barring* the plaintiff from returning later, *to the same court*, *with the same underlying claim*." (Emphasis added.)  *Id.*

Further, the Justices in *Semtek*, refer to Black's Law Dictionary (7th ed. 1999) for its definition of "dismissal without prejudice as 'removed from the court's docket in such a way *that the plaintiff may refile the same suit on the same claim,* (citations) and defines 'dismissal without prejudice' as 'a dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.'" *Id.* at 505-506.

The *Semtek* Justices concluded that the statutory bar imposed pursuant to California's Statute of Limitations *would not bar another jurisdiction's Statute of limitation which remained open from hearing the claims*; there was no *res judicata* bar to refiling. *Id.*  This conclusion has been oft repeated by our highest Court, for instance:

> At common law, dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In *Haldeman v. United States*, 91 U.S. 584, 585—586, 23 L.Ed. 433, [ ],

416108                                    14

this Court said, 'there ***must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit***. [ ] In *Hughes v. United States*, 4 Wall. 232, 237, 18 L.Ed. 303, it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and ***must be determined on its merits***. ***If the first suit was dismissed for defect of*** pleadings, or ***parties***, or a misconception of the form of proceeding, ***or the want of jurisdiction***, ***or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit***.' [Citations] (Emphasis added.)

*Costello v. U. S.*, 365 U.S. 265, 285-86, 81 S. Ct. 534, 545, 5 L.Ed.2d 551 (1961).

In this case, while the California Statute was not at issue, the DOHSA 3 year statute was, and had lapsed before Plaintiffs' had perfected their status as personal representatives as required by DOHSA.  However, the Statute of Limitations from another jurisdiction, the Comoros Islands, which remains open, allows Plaintiffs' to file the Subject Action pursuant to Comoran law and within its limitations period.

It is undisputed that DOHSA provides that an action may be brought in U.S. courts based on foreign law. The Congressional passage of DOHSA specifically preserved foreign law causes of action otherwise available:

When a cause of action exists under the law of a foreign country for death by wrongful act, neglect, or default on the high seas, a civil action in admiralty may be brought in a court of the United States based on the foreign cause of action, without abatement of the amount for which recovery is authorized. 46 U.S.C. §30306.

In *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 221-22 (1986), Justice O'Connor explained that "Section 4" (now revised as §30306) was designed to preserve, not preempt foreign law, and that it did so with an "explicit command."

Hence, Plaintiffs are permitted by DOHSA to proceed under the laws of the foreign territory, the Comoran Islands, and pursuant to its statute of limitations

416108                                                     15

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

which remains open.  Accordingly, Plaintiffs are not barred by the doctrine of *res judicata* from proceeding in this Court under Comoran law having filed this Action while its limitations period remains open.

### 2. *Res Judicta* Is Not a Bar to This Action as the Prior Judgment was Not Based on the Merits or Substance of Plaintiffs' Claims.

Moreover, the *Hassanati I* claims have not been decided on the merits or substance of the claims, rather, they were dismissed based purely on a jurisdictional basis for lack of standing.  As pointed out by the *Semtek* Justices, originally the "connotation of an 'on the merits' adjudication is one that actually 'passes directly on the substance of a particular claim' before the court. Restatement §19, Comment a, at 161.  That connotation remains common to every jurisdiction of which we are aware." *Id.* at 501-502. **It is a judgment on the merits which triggers the doctrine of *res judicata*.** *Id.* at 502.

The *Semtek* Justices cautioned against the use and/or improper use of the term "on the merits".  The Court commented that, ***over time the meaning of "judgment on the merits" has been applied to judgments which have not truly been on the merits and hence should not be afforded claim preclusion [or res judicata].*** *Id.*  As a result, "***it is no longer true that a judgment 'on the merits' is necessarily entitled to claim preclusive effect***." (Emphasis added.) *Id.* at 503.

As provided in *Restatement (First) of Judgments*, § 49: Judgment for Defendant Not on the Merits:

> Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the ***judgment is conclusive only as to what is actually decided***. Emphasis added.)

In *Hassanati I*, the only issue decided was jurisdictional, for lack of standing; Plaintiffs having not received judicial appointments to act as the personal representatives for the deceased heirs.  No such requirement is mandated by

416108                                          16

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

Comoran law which now governs this case.

> *"[A]n 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"* (Emphasis added.) *Semtek Intern. Inc. v Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). In accord,

> > "*A judgment for the defendant is not on the merits where it is based merely on the rules of procedure rather than rules of substantive law.* … If the defendant, whether on demurrer, motion, verdict or otherwise, obtains judgment in his favor on a ground not involving the substance of the plaintiff's cause of action, the cause of action is not extinguished thereby. This is the case, for example, where the judgment is based on the lack of jurisdiction … or on the *plaintiff's lack of capacity to sue*, … on the misjoinder or nonjoinder of parties …" (Emphasis added.)

*Restatement (First) of Judgments*, § 49 Judgment for Defendant Not on the Merits, comment a.

Notably, the Action was dismissed exclusively on a jurisdictional ground for lack of standing and *without prejudice* and, thereby, not on the merits. As such, the doctrine of *res judicata* is not applicable. Judge Morrow knew what she was doing, what she was writing and why.

This Action is properly filed in this Court and Defendant's Motion should be denied.

## VI.    CONCLUSION

Based on all of the foregoing, ILFC's Motion should be denied in its entirety. The prior Judgment was clearly written and entered as a dismissal for lack of standing and is without prejudice, hence, not a res judicata bar to the filing of this action. The basis upon which Defendant's Motion rests, the change of the prior Judgment to "with" prejudice is time barred, contrary to law and would result in reversible error.

///

416108                                  17

The prior Action was dismissed on a jurisdictional ground for lack of standing from which Judge Morrow properly entered Judgment "without" prejudice.

The prior Action and dismissal of same was not on the merits and therefore not a final judgment on the merits for res judicata purposes.

The action is filed in accordance with DOHSA's foreign law provision and the Complaint states the specific foreign law upon which it is brought, including, the Comoran limitations period which remains open.

Hence, the defense of res judicata does not bar the filing of this Action and, therefore, Defendants Motion to Dismiss should, respectfully, be denied.

Respectfully submitted,

DATED: October 31, 2016          ENGSTROM, LIPSCOMB & LACK

By: */s/ Mark E. Millard*
       WALTER J. LACK, ESQ.
       MARK E. MILLARD, ESQ.
       Attorneys for Plaintiffs

416108                                    18

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2016 a true and correct copy of the above document was filed electronically and will be served via Notice of Electronic Filing under the Court′s CM/ECF system this 31st day of October, 2016, to all parties with an email address of record, who have consented to electronic service in this action.


                              */s/ Mark E. Millard*
                              MARK E. MILLARD

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**