LOCKE LORD LLP
Kelly S. Biggins (SBN: 252515)
kbiggins@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Tel: 213-485-1500; Fax: 213-485-1200

Christopher R. Barth (*pro hac vice*)
cbarth@lockelord.com
Matthew J. Kalas (*pro hac vice*)
mkalas@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Tel: 312-443-0700; Fax: 312-443-0336

Attorneys for Defendant
INTERNATIONAL LEASE FINANCE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMADI MLATAMOU HASSANATI, *et al*., | ) CASE NO. 2:16-cv-02734-DFS-SS |
| | ) |
| | ) HON. DALE S. FISCHER |
| Plaintiffs, | ) |
| | ) **REPLY IN SUPPORT OF** |
| vs. | ) **INTERNATIONAL LEASE FINANCE** |
| | ) **CORPORATION'S MOTION TO** |
| INTERNATIONAL LEASE FINANCE CORPORATION and DOES 1-50, | ) **DISMISS COMPLAINT PURSUANT** |
| | ) **TO FEDERAL RULES OF CIVIL** |
| | ) **PROCEDURE, RULE 12(b)(6)** |
| Defendants. | ) |
| | ) |
| | ) Date:        November 21, 2016 |
| | ) Time:        1:30 p.m. |
| | ) Place:       Courtroom 840, Roybal |
| | ) |
| | ) |
| | ) |
| | ) |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ........................................................................................ 1

II.   THE PRIOR JUDGMENT IS A FINAL JUDGMENT ON THE MERITS........ 1

III.  PLAINTIFFS' DISCUSSION OF THE APPLICATION OF COMORAN LAW IS BASED ON CLAIMS THAT COULD HAVE BEEN MADE IN the PRIOR ACTION, WHICH PLAINTIFFS DO NOT DISPUTE. .................................. 11

IV.   CONCLUSION .......................................................................................... 12

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. McCurry,*
    449 U.S. 90 (1980)............................................................................................11

*Andy's BP, Inc. v. City of San Jose*,
    No. 12-CV-01631-LHK, 2013 WL 485657 (N.D. Cal. Feb. 6, 2013),
    *aff'd* 605 F. App'x 617 (9th Cir. 2015) .............................................................6, 7

*Brereton v. Bountiful City Corp.*,
    434 F.3d 1213 (10th Cir. 2006) ...........................................................................7

*Chicot Cnty. Drainage Dist. v. Baxter State Bank,*
    308 (U.s. 371 (1940).........................................................................................11

*County of Mille Lacs v. Benjamin*,
    361 F.3d 460 (8th Cir. 20014) ..............................................................................7

*Federated Department Stores, Inc. v. Moitie*,
    452 U.S. 394 (1981).................................................................................3, 10, 12

*Fleck and Associates, Inc. v. Phoenix, City of, an Arizona Mun. Corp.*
    471 F.3d 1100 (9th Cir. 2006) ...........................................................................6, 7

*In re Anderson*,
    847 F. Supp. 2d 1263 (W.D. Wash. 2012) ............................................................7

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
    11 F.3d 1460 (9th Cir. 1993) ................................................................................9

*In re Marino*,
    181 F.3d 1142 (9th Cir. 1999) ..............................................................................4

*Johnson v. Boyd-Richardson Co.*,
    650 F.2d 147 (8th Cir. 1981) ................................................................................7

*Mpoyo v. Litton Electro-Optical Sys.*,
    430 F.3d 985 (9th Cir. 2005) .......................................................................2, 4, 8

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ..............................................................................11

ii

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Plaut v. Spendthrift Farm,*
    514 U.S. 211 (1995)...............................................................................................4

*Reed v. Allen,*
    286 U.S. 191 (1932)...............................................................................................3

*Robinson Rancheria Citizens Council v. Borneo, Inc.,*
    971 F.2d 244 (9th Cir. 1992) ..............................................................................11

*Smith v. Coffman,*
    620 F. App'x 574 (9th Cir. 2015)........................................................................11

*Stan Lee Media Inc. v. Lee,*
    No. 2:07-cv-00225, 2012 WL 4048871 (C.D. Cal. Aug. 23, 2012)..............5, 6, 7, 8

*Stewart v. U.S. Bancorp,*
    297 F.3d 953 (9th Cir. 2002) .............................................................................3, 4

*Tahoe-Sierra preservation Council, Inc. v. Tahoe Regional Planning agency,*
    322 F.3d 1064 (9th Cir. 2003) ..............................................................................5

*Turtle Island Restoration Network v. United States Dep't of State,*
    673 F.3d 914 (9th Cir. 2012) ................................................................................2

*United States v. Vidal-Mendoza,*
    705 F.3d 1012 (9th Cir. 2013) ..............................................................................8

*Williams v. Bentley Motors Inc.,*
    No. 12-5685, 2013 WL 3935196 (C.D. Cal. July 30, 2013) ..............................9, 11

**Federal Rules**

Fed. R. Civ. P. 12.................................................................................................2, 6

Fed. R. Civ. P. 41(b) ................................................................................................2

Fed. R. Civ. P. 59....................................................................................................9

Fed. R. Civ. P. 60....................................................................................................9

**Federal Statutes**

28 U.S.C. § 1291..............................................................................................1, 8, 9

Death on the High Seas Act, 46 U.S.C. § 30302 ..............................................4, 7, 8

iii

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

**REPLY**

## I.   INTRODUCTION

Plaintiffs' Opposition is not a serious argument – it simply recirculates a conclusion as to one prong of the three-pronged *res judicata* doctrine at issue (whether the prior judgment was final and on the merits) that is not supported by and ignores the full and relevant record.   Indeed, there is no dispute that the two other requirements for *res judicata* are met in this case—an identity of claims and privity between parties.   Plaintiffs neither contest that these requirements have been met, nor do they discuss them at all in the Opposition.

While Plaintiffs devote 20 pages to arguing repeatedly that the Prior Action was dismissed "without prejudice," notably absent from the Opposition are the following two points, each of which is critical to the analysis of whether there was a final judgment on the merits:  (1) Any reference to the fact the summary judgment order pertained to both standing *and* statute of limitations issues; and (2) Any reference to Plaintiffs' subsequent appeal of the summary judgment order pursuant to 28 U.S.C. § 1291 or the affirmation by the Ninth Circuit.

Furthermore, Plaintiffs argue that this Court should not consider a discussion by this Court in the Prior Action plainly concluding, and relying upon that conclusion, that it "ultimately dismiss[ed] the claims with prejudice" and "render[ed] a judgment on the merits in that case."   Plaintiffs' also fail to explain why, when filing the instant action, their notice of related cases fails to reference the Prior Action whatsoever.

Plaintiffs' failure to address certain points in their Opposition and their attempts to shield the Court from information is telling because it reveals that, contrary to their contentions, the Prior Action resulted in a final judgment on the merits.   Thus, Plaintiffs' complaint in the instant action (and all the claims contained therein) is barred by the doctrine of *res judicata*.

## II.   THE PRIOR JUDGMENT IS A FINAL JUDGMENT ON THE MERITS

Plaintiffs do not dispute that there is an identify of claims or privity between

1

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

parties for *res judicata* purposes. *See, e.g.*, *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012) (*Res judicata* applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.") Rather, Plaintiffs' dispute that there has been a final judgment on the merits.

Plaintiffs argue that "because the prior Judgment dismissed the action on jurisdictional grounds, without prejudice, it is not a final adjudication on the merits and not a bar to a subsequent action in this Court." (Opp. at p. 1, lines 18-20.) Plaintiffs also contend that Rule 41(b)'s "lack of jurisdiction" exception applies to the Prior Action dismissal. (Opp. at pp. 9-10.) Plaintiffs are wrong for the following five reasons.

First, the decision in the Prior Action was for summary judgment, not a Rule 12 dismissal, and the Ninth Circuit has determined that "a summary judgment dismissal … is considered a decision on the merits for *res judicata* purposes." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

The Court's grant of summary judgment in the Prior Action was the necessary result of a prior dismissal in 2011 of Plaintiffs' complaint by the court without prejudice following a Rule 12 motion (Order at p. 2), and the Court's determination in 2014 that Plaintiffs should not be permitted leave to file a Fourth Amended Complaint because Plaintiffs would be unable to prove a necessary element of their claim at trial – that they were empowered to sue, that they were who they said they were, and that they had a timely claim. (RJN Ex. D at pp. 105-112 [Order at pp. 17-24].)

Specifically, after being put on notice as to the repeated deficiencies in the various complaints in the Prior Action, Plaintiffs resorted to making the untrue allegation that the amended pleadings were filed by properly appointed personal representatives. (*See* RJN Exs. E at pp. 118-126 [SAC at pp. 5-13], Ex. F at pp. 151-158 [TAC at pp. 5-13], Ex. G.) This Court rejected as sufficient Plaintiffs' proffered evidence in opposition to ILFC's summary judgment motion, which was the same evidence the Court found unsupportive of their request for appointment of personal

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

representatives, including Plaintiffs unbending reliance on the non-judicial designation of family members to be "personal representatives." (RJN Ex. G.)

As such, the Prior Action was not simply a dismissal for lack of standing. It was a final judgment that Plaintiffs failed to properly file in the first instance and then, after being told how to cure the issue, compounded that failure with an untrue pleading that alleged a fictitious fact because the statute of limitation had long since run. (RJN Ex. G.)  Further amendment was not permitted because even if Plaintiffs could cure the standing issue, the statute of limitations has already run, thus barring their claims. (RJN Ex. G at p. 186, lines 17-25 [Order at p. 9, lines 17-25], p. 204, lines 7-21 to p. 105, lines 1-4 [Order at p. 27, lines 7-21 to p. 28, lines 1-4].)

Additionally, Plaintiffs' attempts to disregard that determination by filing the instant action is similar to the situation in *Stewart v. U.S. Bancorp*, 297 F.3d 953, 959 (9th Cir. 2002) where the plaintiffs in that case could have stated an ERISA claim in their initial complaint or an amended complaint, but did not.  Like here, there was no initial bar to the Court's considering this claim except Plaintiffs' failure to raise it.  *Id.* The Court in *Stewart*, quoting the U.S. Supreme Court's decision in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401-02 (1981), concluded as follows:

> The predicament in which respondent finds himself is of his own making .... [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of *res judicata*, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation-a maxim which comports with common sense as well as public policy.  And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.  *Reed v. Allen*, 286 U.S. 191, 198-199 (1932).

*Id.*  The Court in *Stewart* ultimately concluded that "[d]ismissal was not for lack of

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

jurisdiction, but rather for the substantive reason that Plaintiffs' claims were preempted by federal law.  Therefore, *res judicata* applies, and the Plaintiffs are barred from litigating any claims they raised or could have raised in *Stewart I*."  *Id.*

Here, Plaintiffs seek to avoid the judgment, which was affirmed by the Ninth Circuit, and have filed the instant action under Comoran law using the same factual allegations and arising out of the same "transaction" as the Prior Action.  In essence, Plaintiffs are attempting to recharacterize their cause of action, even though it was something that Plaintiffs could have alleged in their complaint in the Prior Action. Plaintiffs cannot be permitted to avoid the effect of the Court's summary judgment order and subsequent judgment in the Prior Action.

Second, the summary judgment order in the Prior Action was a final judgment on the merits because it was based on both a lack of standing *and* expiration of the statute of limitations.  *See Mpoyo*, 430 F.3d at 988 ("The second *res judicata* element is satisfied by a summary judgment dismissal which is considered a decision on the merits for res judicata purposes."); *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("Statutes of limitations do present a variation on that theme because they are not on the merits in the sense that the underlying substantive claim has been adjudicated. Rather, the passage of time precludes testing whether the claim would otherwise have been valid. Nevertheless, for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.").

Specifically, the Court granted summary judgment in ILFC's favor and dismissed Plaintiffs' claims based Plaintiffs' failure to meet the requirements of the Death on the High Seas Act ("DOHSA") prior to the expiration of the statute of limitations:

4

Because plaintiffs have not been appointed personal representatives, and the statute has expired, the court begins by addressing plaintiffs' motion to appoint personal representatives. If the court is unable to grant plaintiffs' motion, or if the appointment does not relate back to the filing of the original complaint, then ILFC will be entitled to summary judgment as a matter of law.

(RJN Ex. G at p. 186, lines 17-25 [Order at p. 9, lines 17-25].)  Not only did the Court ultimately deny Plaintiffs' motion to appoint personal representatives (and grant summary judgment), but it also concluded "that any subsequent appointment of plaintiffs as the decedents' personal representatives would not relate back." (*Id.* at p. 204, lines 7-21 to p. 105, lines 1-4 [Order at p. 27, lines 7-21 to p. 28, lines 1-4]; *see also id.* at p. 208, lines 2-9 [Order at p. 31, lines 2-9].)

Although discussion of the statutes of limitations issue is notably absent from Plaintiffs' Opposition, Plaintiffs' concede the point on appeal:

In summary, this appeal is taken of the *Final Judgment* dismissing the case for the failure to prosecute in the name of the real parties in interest and/or by parties without standing *and finding that the statute of limitations is a bar to any further amendment* premised upon the failure to apply Rule 17(a).

(9th Cir. ECF Dkt. No. 24 at p. 11 (emphasis added).)  Plaintiffs admit that the Court's summary judgment order addressed the no relation back issue, which was a key aspect of the Court's finding Plaintiffs' claims were time barred.

The law of this Circuit supports the conclusion that the Prior Action resulted in a final judgment on the merits.  In *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, the court held that *res judicata* was proper where the prior litigation was dismissed on statute of limitations grounds, because the "Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits." 322 F.3d 1064, 1081 (9th Cir. 2003); *see also Stan Lee*

5

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Media Inc. v. Lee*, No. 2:07-cv-00225, 2012 WL 4048871, at \*3 (C.D. Cal. Aug. 23, 2012) ("Dismissals on statute of limitation grounds are judgments on the merits and are given res judicata effect.").

Because the dismissal here was on summary judgment, as opposed to dismissal following a Rule 12 motion, did not involve Article III standing issues, and also the summary judgment involved both standing and statute of limitations issues, Plaintiffs' reliance on *Fleck and Associates, Inc. v. Phoenix, City of, an Arizona Mun. Corp.* 471 F.3d 1100, 1106 (9th Cir. 2006) and other cases is misplaced. For example, in *Fleck*, the Ninth Circuit determined the plaintiff lacked Article III constitutional standing because he "failed to allege an injury in fact sufficient to make out a case or controversy under Article III." 471 F.3d 1105. It also determined the plaintiff had no "associational" standing (which allows an organization may bring suit on behalf of its members) to assert the rights of its customers. *Id.* at 1105-1106. Based on this lack of standing, the Ninth Circuit determined the dismissal of the Rule 12 motion should have been without prejudice. Here, by contrast, the dismissal in the Prior Action does not concern a dismissal following a Rule 12 motion it concerns dismissal on a motion for summary judgment. Indeed, the summary judgment order was the necessary result of a prior dismissal without prejudice, a misrepresentation that the defect had been cured, and a determine on both standing and statute of limitations issues.

As another example, Plaintiffs cite *Andy's BP, Inc. v. City of San Jose*, No. 12-CV-01631-LHK, 2013 WL 485657 (N.D. Cal. Feb. 6, 2013), *aff'd* 605 F. App'x 617 (9th Cir. 2015) in support of the claim that dismissal with prejudice of standing is inappropriate. (Opp. at p. 9.) Yet, in *Andy's BP*, the court did not make such a holding. Rather, in dismissing plaintiffs federal law claims because they were "granted leave to amend these claims, yet failed to cure the previously identified deficiencies" and "further amendment will prove futile," the court declined to exercise jurisdiction over the remaining state law claims. In comment, the court noted that because plaintiffs failed "to allege individual injury," they should fix the standing

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

6

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

deficiency for the state law claim if plaintiffs decide refile those claims in state court.

Thus, *Fleck*, *Andy's BP* and the other cases cited by Plaintiffs are inapposite. *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006) (dismissal based on lack of Article III should be without prejudice); *County of Mille Lacs v. Benjamin*, 361 F.3d 460 (8th Cir. 20014) (dismissal of declaratory-judgment action based on lack of actual case or controversy as required by Article III should be without prejudice); *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147 (8th Cir. 1981) (dismissal for failure to name proper defendant should be without prejudice).

In *Stan Lee Media Inc.*, the plaintiffs argued that because the court found that the plaintiffs lacked standing in the prior action any findings as to the merits had no effect.  2012 WL 4048871, at *3.  The *Stan Lee* court, however, explained that there was a difference between Article III constitutional standing (i.e., where there is no "case or controversy," a court lacks subject matter jurisdiction to hear the case and thus cannot rule on the merits) and statutory standing.  Unlike constitutional standing, a determination that a plaintiff lacks statutory standing is not constitutional in dimension and does not divest a court of subject matter jurisdiction.  The court found that the plaintiff "conflate[d] statutory standing with constitutional standing," and lacking statutory standing does not divest a court of subject matter jurisdiction.  *Id.*.  Similarly, here, Plaintiffs' lack of standing is based on statutory requirements.  *See In re Anderson*, 847 F. Supp. 2d 1263, 1266 (W.D. Wash. 2012) (Plaintiff's "causes of action are limited to either a DOHSA or Jones Act claim.  Therein lies the rub.  Because . . . [Plaintiff] has not been appointed her deceased husband's personal representative, she lacks <u>statutory standing</u> to bring either claim.") (emphasis added).

This Court resolved the standing question here, not on constitutional grounds, but on statutory basis.  Specifically, this Court's 2014 Order, affirmed on appeal, found Plaintiffs' claims arose under DOHSA, which Act unequivocally establishes that standing resides in "the personal representative of the decedent [who] may bring a civil action in admiralty against the person or vessel responsible.  (RJN Ex. G at pp.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

7

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

184-185 [Order at pp. 7-8] (*citing* 46 U.S.C. § 30302).) Accordingly, the Article III/constitutional standing cases relied upon by Plaintiffs in the Opposition are inapplicable. (*See* Opp. at p. 9 n.4.)

Additionally, in upholding the dismissal for lack of standing and on statute of limitations grounds, the court in *Stan Lee* stated that "[w]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum." *Stan Lee Media Inc.*, 2012 WL 4048871, at \*3 (citing *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949)). *See also United States v. Vidal-Mendoza*, 705 F.3d 1012 (9th Cir. 2013) (same). Accordingly, the court concluded that the prior action resulted a final judgment on the merits. *Id.*

Plaintiffs argue *Mpoyo, supra*, is distinguishable because the claims in *Mpoyo* were decided on the merits and the claims in our case were not decided on the merits because the judgment was based on a lack of standing. (Opp. at pp. 11-12.) In *Mpoyo*, the plaintiffs argued that the prior decision was not on the merits because two of the claims were dismissed without prejudice. 430 F.3d at 988. However, the court dismissed the plaintiff's argument stating that it "would fail here because the remainder of the claims, which arise out of the same transaction, were decided on the merits when they were dismissed on summary judgment." *Id.* Thus, despite Plaintiff's attempt here to overlook that the judgment was also based on statute of limitations grounds, this is a key fact that cannot be ignored.

Third, the basis of Plaintiffs' appeal was that there was a final judgment resolving all claims. Following entry of judgment in favor of ILFC, Plaintiffs immediately appealed. (*See* RJN Exs. I and J.) On appeal, Plaintiffs admitted a final judgment was entered: "This is an appeal from a February 18, 2014 Order granting summary judgment, dismissing the case and an entry of *Final Judgment* therefrom. This Court has jurisdiction over the final order. 28 U.S.C. §1291." (RJN Ex. J at p. 256 [Open. Brief at p. 1] (emphasis added); *see also* 9th Cir. ECF Dkt. No. 24 at Reply Brief at p. 9 ["This is an appeal from the final judgment dismissing the case.".)

8

As the basis for jurisdiction, Plaintiffs cite 28 U.S.C. § 1291, which governs a Circuit Court's jurisdiction over appeals by right of "all _final decisions_ of the district courts." (_Id._)  Tellingly, Plaintiffs' fail to address the existence of this fact in their Opposition.

Fourth, where, as here, claims are dismissed in a prior action and the dismissal is affirmed on appeal, the former suit is "resolved by a final judgment on the merits." _Williams v. Bentley Motors Inc._, No. CV 12-5685-GW JCG, 2013 WL 3935196, at *4 (C.D. Cal. July 30, 2013) ("state trial court dismissed Plaintiffs' 'lemon law' claims, the California Court of Appeal affirmed, and the United States Supreme Court thereafter denied the Petition for Writ of Certiorari.  The Court thus finds that Plaintiffs' former suit was resolved by a final judgment on the merits.").  _See also In re Dual-Deck Video Cassette Recorder Antitrust Litig._, 11 F.3d 1460, 1462 (9th Cir. 1993) (affirmation on appeal renders a judgment final)

Here, this Court dismissed Plaintiffs' claims and the Ninth Circuit affirmed. Accordingly, even if the clarifying language by the Court that the Prior Action was determined "on the merits" is not considered (_see_ RJN Ex. M at p. 294, lines 1-14 [Order at p. 22, lines 1-14]), Plaintiffs' appeal of and the Ninth Circuit's affirmation of that judgment on appeal confirms the Prior Action was resolved by a final judgment on the merits.[1]  Notably, Plaintiffs' appeal and the Ninth Circuit's affirmation of the judgment in the Prior Action are not discussed by Plaintiffs in the Opposition nor is there an explanation for this conspicuous absence.

Even if this Court's 2014 Order was in error, which it was not, the time to correct that error was in Plaintiffs' 2014 appeal.  As the Supreme Court stated:

> [An] "erroneous conclusion" reached by the court in the first suit does
> not deprive the defendants in the second action "of their right to rely
> upon the plea of _res judicata_. . . . A judgment merely voidable because

---

[1]  Plaintiffs' reference to Rule 59 is thus as inapposite as it is incorrect.  Even if the issue were not already resolved by the resolution of the appeal as noted, the relevant rule for addressing the text of the prior order would be Rule 60 (and for which Judge Morrow's conclusions in _Abdallah_ fully support if it were necessary).

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]."  We have observed that "[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert."

*Federated Dep't Stores v. Motie*, 452 U.S. 394, 398-399 (1981)

Fifth, to the extent Plaintiffs argue this Court's prior orders should not be considered because of a change in judicial assignment (Opp. at pp. 5-6 and 10-11), such argument is wrong.  As an initial point, a *res judicata* analysis necessarily relies on a review of the pleadings, orders and other documents on file in a prior action to determine whether each element of the *res judicata* analysis has been met.  Indeed, in their Opposition, Plaintiffs rely on and seek judicial notice of such documents.  (*See e.g.*, Opp. at p. 12, lines 16-17.)

Further, but for Judge Morrow's retirement, the case would still be assigned to her.  Yet Plaintiffs' seek to shift this Court's focus away from the Prior Action and the related *Abdallah* action.  Indeed, when Plaintiffs initiated this action, they filed a notice of related cases disclosing *Abdallah*, but, notably, failed to include any mention of the Prior Action.  (ECF Dkt. No. 5.)  They further fail to notify this Court that some of the Plaintiffs in *Abdallah* are also Plaintiffs in this case.  Any attempts by Plaintiffs to take advantage of the transfer by arguing Judge Morrow's opinions and orders specific to the Prior Action should not be considered by this Court should be disregarded.

Accordingly, this Court's order in *Abdallah* concluding that the Court rendered "a judgment on the merits in that case" and relying on that conclusion to hold the preclusive effect of the *forum non conveniens* decision in that case against ILFC, is both relevant and appropriate for this Court to consider as part of a *res judicata*

10

analysis.  (RJN Ex. M at p. 294, lines 1-14 [Order at p. 22, lines 1-14].)  *See also Williams*, 2013 WL 3935196, at *1 (in considering *res judicata* analysis on motion to dismiss, court granted judicial notice which included "facts from the public record related to Plaintiffs' state court action.") (citing *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

In sum, there can be no doubt that the Prior Action resulted in a final judgment on the merits.

**III.  PLAINTIFFS' DISCUSSION OF THE APPLICATION OF COMORAN LAW IS BASED ON CLAIMS THAT COULD HAVE BEEN MADE IN THE PRIOR ACTION, WHICH PLAINTIFFS DO NOT DISPUTE.**

While Plaintiffs contend the Prior Action did not result in a final judgment on the merits, Plaintiffs do *not* contend the identity of claims requirement of *res judicata* is unsatisfied by ILFC.  Notwithstanding Plaintiffs' failure to address this requirement in the Opposition, thereby conceding an identify of claims exist, Plaintiffs argue they are permitted to cure deficiencies in the Prior Action for failure to specify foreign law through the instant action by adding allegations stemming from the same legal theory but now based on the purported application of Comoran law.  (*See e.g.,* Opp. at pp. 15-16.)  Plaintiffs' contentions are improper for the following two reasons.

First, as stated above, Plaintiffs do not dispute that the issues raised in the instant lawsuit were raised or could have been raised in the Prior Action.  *See e.g., Smith v. Coffman*, 620 F. App'x 574, 575 (9th Cir. 2015); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Williams*, 2013 WL 3935196, at *3 ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940) (*res judicata* prevents litigation of all grounds for recovery that were available to the parties, even if they were not asserted or determined in the prior proceeding)).  Indeed, in the totality of the

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

11

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Opposition, Plaintiffs make no such contention.

Second, Plaintiffs' actions directly contradict their representations to the Ninth Circuit in the Prior Action. In addressing their assertion that ILFC would not be prejudiced by an amendment of the complaint in the Prior Action (to permit time for the appointment of personal representatives), Plaintiffs stated: "Further and paramount to this issue, nothing of substance would change in the litigation. The beneficiaries will not change, the defendant will not change, the facts will not change, the allegations will not change, the damages sought will not change." (9th Cir. ECF Dkt. No. 24 at pp. 31, 38 (emphasis added).)The Complaint in the instant action raises new claims under Comoran law (albeit under the same legal theory), specifically a longer statute of limitations period and claims under the Comoran Civil Code.

Despite these representations to the Ninth Circuit, the instant action does exactly what Plaintiffs represented they would not do in an attempt to skirt the summary judgment ruling and appellate affirmation. In short, this is precisely the scenario for which the doctrine of *res judicata* protects litigants like ILFC here and the Court – "[from] the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine [of *res judicata*] against prolonging strife…" *Federated Department Stores, Inc.*, 452 U.S. at 401-02.

## IV.   CONCLUSION

For all of the reasons herein as well as those set forth in ILFC's moving papers, all three requirements of *res judicata* are met. As such, Plaintiffs' complaint in the instant action (and all the claims contained therein) are barred by the doctrine of *res judicata*. Thus, ILFC respectfully requests that the Court grant the motion to dismiss with prejudice.

Dated:  November 7, 2016

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Kelly S. Biggins*
Kelly S. Biggins
Attorneys for Defendant

12

REPLY IN SUPPORT OF DEFENDANT ILFC'S MOTION TO DISMISS COMPLAINT